*809 PARIENTE, J.,
concurring in part and dissenting in part.
I concur in the adoption of the rules for ineffective assistance of counsel claims in termination of parental rights (“TPR”) proceedings for indigent parents, but I dissent because I would not adopt the broader version of the rule applying to claims of ineffective assistance of counsel for both court-appointed counsel and privately retained counsel. Our narrowly tailored opinion in J.B. v. Department of Children and Families, 170 So.3d 780 (Fla. 2015), dealt only with the right of indigent parents to effective assistance of counsel. Id. at 790 (“we now expressly hold what was only implicit in our prior decisions: the right of indigent parents to counsel under the Florida Constitution in TPR proceedings necessarily includes the constitutional right to the effective assistance of counsel” (emphasis added)).
We emphasized in J.B. that an indigent parent’s right to effective counsel in TPR proceedings emanates not from the Sixth Amendment to the United States Constitution but from the Due Process Clause of the Florida Constitution. Id. at 799; see art. I, § 9, Fla. Const. While a similar legal analysis would likely conclude that a parent with privately retained counsel shares this constitutional right based on the fundamental liberty interest in being a parent to a child, this Court did not have that case before it in J.B. and, therefore, did not rule on it. Extending the right recognized in J.B. to parents with privately-retained counsel is a substantive matter that is appropriately decided in the context of an actual case or controversy. In my view, determining whether the right to effective assistance of counsel in TPR proceedings applies broadly to parents with privately retained counsel in addition to parents with court-appointed counsel is not properly resolved in a rulemaking proceeding.[2]
No matter what carefully crafted procedures are implemented, I have no doubt that this rule will have unintended consequences, including the potential proliferation. of ineffective assistance of counsel claims in TPR proceedings.[3] Additionally, there will be added costs—-in time and money—to an already overburdened system. One example of such costs is having to provide a different set of court-appointed attorneys to address the ineffective assistance of counsel claims for indigent parents during appeals. Even more troubling is the potential delay in the finality of, TPR proceedings and thus the ultimate permanency determination for the children, when it is the children’s best interests that are paramount. J.B., 170 So.3d at 792 (“[T]he interest in finality is substantially heightened in the TPR context by the very important consideration that must be given to the child’s interest in reaching permanency and to the harm that results when permanency is- unduly delayed.”); see also S.M. v. Fla. Dep’t of Children & Families, 202 So.3d 769, 782 (Fla. 2016) (“The ‘right’ of a parent to a bond with the child is important, but ultimately the health, welfare, and safety of the child' must be paramount.”).
I reiterate what I stated in my concurring opinion in J.B. regarding the effect of *810 these claims on the child’s right to permanency:
I concur in the Court’s opinion but with trepidation because providing a mechanism to vindicate ineffective assistance of counsel claims in termination of parental rights (TPR) proceedings should not unintentionally cause negative consequences in the life of the child as a result of further delay. I therefore emphasize the important reality articulated by the Court—that “[t]imely disposition of TPR ineffective assistance of counsel claims is essential in light of the harm to the child that results when permanency is unduly delayed.”
170 So.3d at 797 (Pariente, J., concurring) (quoting In re S.M., 418 Pa.Super. 359, 614 A.2d 312, 316 (1992)).
We should also heed this comment from attorney Jeanne Tate, a board certified adoption attorney, who has practiced in the adoption arena for over thirty years and who filed formal comments in this case: “There are already indeterminable delays for children in foster care and the floodgates should not be opened to provide greater uncertainty about permanency options.” She notes that a similar right to counsel exists for indigent parents who are the subject of private TPR actions under chapter 63, Florida Statutes; therefore, this rulemaking case could have implications beyond the scope of dependency cases.
My concern is that, at the least, the majority’s opinion thwarts the resolution of this issue of substantive law via a case or controversy because it is difficult to understand who will challenge the application of the rule once it is in place, when a litigant with privately retained counsel files a motion pursuant to this rule. At the worst, the majority’s opinion threatens to disrupt the delicate balance of rights intertwined in TPR proceedings by opening the floodgates to ineffective assistance of counsel claims. Either result is a disservice to the vulnerable children whose interests are at the crux of these rules, so I respectfully concur in the adoption of the rules for ineffective assistance of counsel claims in TPR proceedings except to the extent that they adopt the broader version granting the constitutional right of effective assistance of counsel to parents with privately retained attorneys.
In either event, I urge the Commission on District Court of Appeal Performance' and Accountability (DCAP & A) and the Commission on Trial Court Performance and Accountability (TCP & A) to continue monitoring any delays that arise in bringing TPR cases to final resolution for the best interests of the child.[4]
POLSTON, J., concurs.
APPENDIX
RULE 8.510. ADVISORY HEARING AND PRETRIAL STATUS CONFERENCES
(a) Advisory Hearing.
(1) An advisory hearing on the petition to terminate parental rights must be held as soon as possible after service of process can be effected, but no less than *811 72 hours following service of process. Personal appearance of any person at the advisory hearing eliminates the time requirement for serving process on that person.
(2) The court must:
(A) advise the parents of their right to counsel including the right to an effective attorney and appoint counselan attorney in accordance with legal requirements;
(B) advise the parents of the availability of private placement of the child with an adoption entity, as defined in chapter 63, Florida Statutes;
(C) determine whether an admission, consent, or denial to the petition shall be entered; and
(D) appoint a guardian ad litem if one has not already been appointed.
(3) If a parent served with notice fails to personally appear at the advisory hearing, the court shall enter a consent to the termination of parental rights petition for the parent who failed to personally appear.
(4) If an admission or consent is entered by all parents for a named child included in the petition for termination of parental rights and the court finds that termination of parental rights is in the best interest of the child, the court shall proceed to disposition alternatives as provided by law.
(5) If a denial is entered, the court shall set an adjudicatory hearing within the period of time provided by law or grant a continuance until the parties have sufficient time to proceed to an adjudicatory hearing.
(b)-(c) [no change]
RULE 8.517. WITHDRAWAL AND APPOINTMENT OF COUNSELATTOR-NEY
(a) Withdrawal of Attorney after Order Adjudicating Child Dependent—©r Terminating- Parental Rights. After an order of adjudication of dependency^-or-aa order of dependency- dispositi-onT-or-an-or-entered, the eounselattorney of record for a parent or legal custodian in a dependency proceeding-ora parent in a termination of parental lights proceeding shall not be permitted to withdraw as counsel of-re-cordthe attorney until the following have occurred:
—The—attorney.certifies that.the with-the parent-or-legal ■ custodian.
4AKl)The attorney certifies that after discussing appellate remedies with the parent or legal custodian, the parent or legal custodian does not wantelects not to appeal the order; or
£BX2)The attorney certifies that after discussing appellate remedies with the parent or legal custodian, the parent or legal custodian wastselects to appeal the order, and
<4)(A) a notice of appeal containing the signatures of eounselthe attorney and the parent or legal custodian has been filed or a notice of appeal containing the signature only of the attorney has been filed if the parent or legal custodian elects to appeal but is unable to personally timely sign the notice and that an amended notice of appeal containing the parent’s or legal custodian’s signature will be filed;
@(B) directions to clerk, if necessary, have been filed;
£iaXC) a motion to transcribe the requisite proceedings has been filed;
*812 (iv)(D) a designation to the court reporter specifying the proceedings that must be transcribed in order to obtain review of the issues on appeal and designating the parties to receive a copy of the transcripts has been filed; and
, (v)(E) an order appointing appellate counsel, if any, has been entered. Conformed copies of each of these documents shall be attached to the motion to withdraw.
(g)(3) If the attorney has-beenis unable to contact the parent or legal custodian regarding appellate remedies, the attorney certifies and describes the efforts made to contact the parent or legal custodian.
(b) Withdrawal of Attorney after Order Terminating Parental Rights. After an order terminating parental rights has been entered, the attorney of record for a parent in a termination of parental rights proceeding shall not be permitted to withdraw as attorney until the following have occurred:
(1)Discussion of Appeal.
(A) The attorney certifies that after discussing appellate remedies with the parent, the parent elects not to appeal the order terminating parental rights; or
(B) The attorney certifies that after discussing appellate remedies with the parent, the parent elects to appeal the order terminating parental rights; and
_(i) a notice of appeal containing the signatures of the attorney and the parent has been filed or a notice of appeal containing the signature only of the attorney has been filed if the parent elects to appeal but is unable to personally timely sign the notice and that an amended notice of appeal containing the parent’s signature will be-filed;
_(ii) directions to clerk, if necessary, have been filed;
_(iii) a motion to transcribe the requisite proceedings has been filed; '
_(iv) a designation to the court reporter specifying the proceedings that must be transcribed in order to obtain review of the issues on appeal and designating the parties to receive a copy of the transcripts has been filed; and
(v) an order appointing appellate counsel, if any, has been entered. Conformed copies of each of these documents shall be attached to the motion to withdraw.
(2)Discussion of Ineffective Assistance of Counsel Claim.
(A) The attorney certifies that after discussing the right of a parent to file a motion claiming ineffective assistance of counsel, the parent elects not to file the motion, or
(B) The attorney certifies that after discussing the right of the parent to file a motion claiming ineffective assistance of counsel, the parent elects to file a motion. Consequently, the attorney must immediately seek to withdraw from representation of the parent.
(3)Inability to Discuss Remedies. If the attorney is unable to contact the parent regarding appellate remedies and the right to file a motion claiming ineffective assistance of counsel, the attorney certifies and describes the efforts made to contact the parent.
(c) Appointment of Appellate Counsel. If the court permits the attorney to withdraw, the court must expeditiously appoint appellate counsel for indigent parents pursuant to law. The indigent parent is not entitled to a court-appointed attorney in any trial court proceeding regarding a motion claiming ineffective assistance of *813 counsel. However, a parent may independently retain an attorney to assist in any trial court proceeding regarding a motion claiming ineffective assistance of counsel.
(d) Service of Order Appointing CounselAttorney. Following rendition order appointing appellate counsel, the court sfefimust serve a- copy- of the order on the appointed appellate counsel and the clerk of the appellate court.
Committee Note
Amendment 2017. Significant amendments were made to create a process for claiming ineffective assistance of counsel in termination of parental rights proceedings. J.B., etc. v. Florida, Department of Children and Families, 170 So.3d 780 (Fla. 2015), A parent’s right to appointed counsel is governed by sections 39,013(9)a. and 27.511, Florida Statutes.
RULE 8.525 ADJUDICATORY HEARINGS
(a)-(h) [no change]
(i) Advisement of Right to Appeal and File Ineffective Assistance of Counsel Motion. At the conclusion of the adjudicatory hearing, the court must orally inform the parents of the right to appeal any order terminating parental rights to the district court of appeal and the right to file a motion in the circuit court claiming that counsel provided ineffective assistance.
Cj) Final Judgment Order.
(1) Terminating Parental Rights.
(A)If the court finds after all of the evidence has been presented that the elements and one of the grounds for termination of 'parental rights have been established by clear and convincing evidence, the court shall enter a final judgmentwrit-ten order terminating parental rights and proceed with dispositional alternatives as provided by law.
APPENDIX—Continued
(B) The order- must contain the findings of fact and conclusions of law on which the decision was based. The court shall include the dates of the adjudicatory hearing in the order.
(C) The order must include a brief statement informing the parents ' of the right to appeal the order to the district court of appeal and the right to file a motion in the circuit court alleging, that counsel provided ineffective assistance and a brief explanation of the procedure for filing such a claim.
(D) The parties may stipulate, or the court may order, that parents or relatives of the parent whose rights are terminated be allowed to maintain some contact with the child. If the court orders continued contact, the nature and frequency of this contact must be stated in a written order. The visitation order may be reviewed on motion of any party, including a prospective adoptive parent, and must be reviewed by the court at the time the child is placed for adoption.
(2)—(3) [no change]
RULE 8.530. PARENT’S MOTION CLAIMING INEFFECTIVE ASSISTANCE OF COUNSEL FOLLOWING ORDER TERMINATING PARENTAL RIGHTS
(a) Duty of the Court to Advise. At the conclusion of the termination of parental rights adjudicatory hearing, the court must orally inform the parents who are represented by an attorney of the right to appeal an order terminating parental rights to the district court of appeal and the right to file a motion in the circuit court claiming that an attorney provided ineffective assistance if the court enters an order terminating parental rights. In .addition, the written order terminating parental rights must include a brief statement informing the parents of the-right to file a *814 motion claiming ineffective assistance of counsel and a brief explanation of the procedure for filing the motion.
(b) Duty of Attorney to Advise. After entry of an order terminating parental rights, an attorney must discuss appellate remedies with the parent and determine whether the parent elects to appeal the order terminating parental rights. The attorney must also inquire whether the parent intends to file a motion claiming ineffective assistance of counsel. If the parent states an intention to file a motion claiming ineffective assistance of counsel, then the attorney must immediately seek withdrawal pursuant to these rules.
(c) Motion and Jurisdiction. After the court has entered a written order terminating parental rights, a parent may file a motion in the circuit court claiming that the parent’s attorney provided ineffective assistance. If a notice of appeal of the order terminating parental rights is filed, the trial court continues to have .jurisdiction to consider a motion claiming ineffective assistance of counsel.
(d) Court-Appointed Attorney.
(1) An indigent parent is not entitled to a court-appointed attorney to assist the parent in preparing, filing, or litigating a motion claiming ineffective assistance of counsel. However, the parent may independently obtain an attorney to represent the parent in pursuing the motion.
(2) An indigent parent is otherwise entitled to a court-appointed attorney as provided by law in both the trial and appellate court in a termination of parental rights proceeding, and is entitled to a court-appointed attorney concerning appellate review of the trial court’s order on the motion for ineffective assistance of counsel.
(e) Time Limitations. A motion claiming ineffective assistance of counsel must be filed within 20 days of the date the court entered the written order terminating parental rights.
(f) Toll of Time for Appeal. The timely filing of a motion claiming ineffective assistance of counsel tolls rendition of the order terminating parental rights for purposes of appeal until the circuit court enters an order on the motion or for 50 days from the date the court entered the written order terminating parental rights, whichever occurs first.
(g) Contents of Motion.
(1) The motion must be in writing and under oath stating that all of the facts stated are true and correct.
(2) The motion must contain the case name and number and identify the date the written order terminating parental rights was entered.
(3) The motion must contain the current mailing address and e-mail address, if any, and the phone number(s) of the parent filing the motion for the purpose of receiving notices and orders.
(4) The motion must identify specific acts or omissions in the attorney’s representation of the parent during the termination of parental rights proceedings that constituted a failure to provide reasonable, professional- assistance and explain how the acts or omissions prejudiced the parent’s case to such an extent that but for counsel’s deficient performance the parent’s rights would not have been terminated.
(h) . Amendments to Motion. If the motion claiming ineffective assistance of counsel is timely filed, the parent may file amended motions without permission of the court within 20 days from the date the court entered the written order terminating parental rights. The court may order the moving parent to file an amended motion as provided in this rule.
*815 (i) Delivery of Motion to Judge. On filing of the motion, the clerk of court must immediately provide the motion and court file to the judge who entered the order terminating parental rights.
(j) Response to Motion. No answer or responsive pleading is required from any other party to the termination of parental rights proceeding.
(k) Service of the Motion. The parent claiming ineffective assistance of counsel must serve the motion on all parties to the termination of parental rights proceeding and to the attorney the parent claims provided ineffective assistance.
(l) Summary Denial of Motion.
(1) Untimely Motion. The court must enter an order within 5 days from the date the motion or amended motion was filed summarily denying with prejudice any motion filed after the 20-day limitation for filing. The order shall be considered the final order for purposes of appeal.
(2) Insufficient Motion. If the motion or amended motion is legally insufficient as alleged, the court may enter an order summarily denying the motion within 5 days from the date the motion or amended motion was filed. A motion is legally insufficient when the allegations of ineffective assistance of counsel during the termination of parental rights proceedings, if taken as true, did not prejudice the parent’s case to such an extent that but for counsel’s deficient performance the parent’s rights would not have been terminated. The order denying a motion as legally insufficient must set forth the basis for the conclusion the motion is legally insufficient. The court must not summarily deny a motion as insufficient for reasons other than legally insufficient allegations claiming ineffective assistance of counsel. If the court denies the motion as legally insufficient and does not direct the filing of an amended motion, then the order shall be considered the final order for purposes of appeal.
(m) Order for Amended Motion. If the motion or amended motion is legally insufficient as alleged, the court may enter an order within 5 days from the date the motion, or amended motion, was filed authorizing the moving parent to file an amended motion within 10 days of the date of the written order permitting amendment.
(n) Evidentiary Hearing on Motion.
(1) Scheduling of Hearing. If the motion is timely and, in the court’s opinion, contains sufficient allegations, the court must conduct an evidentiary hearing as expeditiously as possible in light of the other time limitations in this rule.
(2) Notice of Hearing. The court must issue a notice of the hearing on the motion to the parties and participants of the termination of parental rights proceeding and to the attorney who the parent claimed provided ineffective assistance. The notice must state the issues to be determined and that the moving parent is required to present evidence at the hearing on the motion.
(3) Record of Termination of Parental Rights Adjudicatory Hearing. If necessary, the court may order an expedited record for review, which may include an electronic recording in lieu of a transcript, of the termination of parental rights adjudicatory hearing. If the judge conducting the motion hearing is different from the .judge who presided at the termination of parental rights adjudicatory hearing, the court must order an expedited record for review, which may include an electronic recording in lieu of a transcript, of the termination of parental rights adjudicatory hearing.
*816 (4) Burden to Present Evidence and Proof. At the evidentiary hearing, the moving parent has the burden of presenting evidence and the burden of proving specific acts or omissions of an attorney’s representation of the parent during the termination of parental rights proceedings that constituted a failure to provide reasonable, professional assistance, and how the errors or omissions prejudiced the parent’s case to such an extent that but for counsel’s deficient performance the parent’s rights would not have been terminated.. All other parties may present evidence regarding the claims raised.
(5) Order from Evidentiary Hearing. At the conclusion of the hearing on the motion, the court must enter an order granting or denying the motion within 5 days from the evidentiary hearing.
(A) Grant of Motion. If the court determines that the attorney during the termination of parental rights proceedings failed to provide reasonable, professional assistance and that the errors or omissions prejudiced the parent’s case to such an extent that but for counsel’s deficient performance the parent’s rights would not have been terminated, the court must enter an order granting the motion stating the reasons for granting the motion and vacating the order terminating parental rights without prejudice. In the order, the court must schedule an adjudicatory hearing on the petition for termination of parental rights to take place no later than 45 days from the order granting the motion. The court must then appoint an attorney to represent the parent in further proceedings, as provided by law.
(B) Denial of Motion. If the court determines that the attorney during the termination of parental rights proceedings provided reasonable, professional assistance or determines that no errors or omissions prejudiced the parent’s case in the termination proceedings to such an extent that but for counsel’s deficient performance the parent’s rights would not have been terminated, the court must enter an order denying the motion, stating the reasons for denial. The order resolves all the claims raised in the motion and shall be considered the final order for purposes of appeal.
(o) Failure to Enter Order. If the court does not enter an order granting or denying the motion -within 50 days from the date the court entered the written order terminating parental rights, the motion shall be deemed denied with prejudice.
(p) Service of Order. The clerk of the court must serve any order entered under this rule on the parties, including to the moving parent at the parent’s address on file with the clerk, within 48 hours from the rendition of the order indicating the date of service by an appropriate certificate of service.
(q) Successive Motions. No second or successive motion claiming ineffective assistance of counsel shall be allowed except as provided in this rule. No motion for rehearing shall be allowed in response to the court’s ruling on the motion claiming ineffective assistance of counsel.
(r) Appeals. Florida Rule of Appellate Procedure 9.146 applies to the appeal of an order on a motion claiming ineffective assistance of counsel in termination of parental rights proceedings.
*817 FORM 8.983. ADJUDICATION ORDER-AND JUDGMENT OF INVOLUNTARY TERMINATION OFORDER INVOLUNTARILY TERMINATING PARENTAL RIGHTS
ORDER QF-ADJUDICA'H&N-AN-D JUDGMENT OF-INVOLUNTARV TERMINATION QFIN VOLUNTARILY TERMINATING PARENTAL RIGHTS
THIS CAUSE came before this court on rrr^-(all dates of the adjudicatory hearing) —.for an adjudicatory hearing on the Petition for Termination of Parental Rights filed by .TTTTT-fiiatncj-Trrr.Present before the courL were:
. nrT^Namej-rrrrr., Petitioner
. .TT77^Name)-7TTT7....., Attorney for the petitioner
. 7T77r(Nanie)-T77TT., Attorney for the department
. vrTTT^Nainej-TTTTr.Department caseworker
. (NameWrrr., Child
. 7T77r(Name}T7T7T., Attorney for Child
. v^NameUrvrr.Mother
. Trrrr(Name)TTT7r., Attorney for mother
. TTvTr(Name)-r7rrr.Father of.77T77-(child)rr7rr.....
. ame)-TTTrr., Attome y for father
. TTTTr{Naineprrrrr., Guardian ad litem
. .77TTT(Name>Tr7^., Attorney for guardian ad litem
. T77TT<Name)-rrTTr., Legal custodian
. .T7777<Name)-7T7T7., Attorney for legal custodian
. .Trrr^Name)-rT7rr...... Other.
Die court has'carefully considered and weighed the testimony of all witnesses. Die court has received and reviewed all exhibits.
COMMENT: Add the following only if necessary.
Die petitioner has sought termination of the parental rights of.777^-{parent(s)) who is/are subject of petition).—
The court finds that the parent(s).T7^name(s)>TTTTT.. has/have.r^r-(list grounds proved)-:^., under chapter 3.9, Florida. Statutes. The grounds were proved by clear and convincing evidence. Further, the court finds that termination of parental rights of the parent(s), .mr-{narne(s)).-rH77...... is clearly in the manifest best interests of the child(ren), 'the findings of fact and conclusions of law supporting this decisión are as follows:
1. At all stages of these proceedings the parent(s) was/were advised of his/her/their right to legal counsel, or was/were in fact represented by counsel.
*818 2. On or about.rrrrrfdatefs))-^., the following occurred:.^-(acts which were basis for dependency or TPR, if filed directly).—
3. The mother has Tr^grounds for TPR)-^ the minor childfren) within the meaning and intent of section 39.806, Florida Statutes, in that:.TT^ffindings that form the statutory basis for grounds).—
4. The father has.mrr-(grounds for TPR)-^.the minor childfren) within the meaning and intent of section 39.806, Florida Statutes, in that:.T^r-ffindings that form the statutory basis for grounds).
5. The minor childfren) to whom.rnrr-fparent’sfs’) name(s))-T^rr.parental rights are being terminated are at substantial risk of significant harm. Termination of parental rights is the least restrictive means to protect the childfren) from harm,
6. Under the provisions of sections 39.810(1)—(11), Florida Statutes, it is in the manifest best interests of tire childfren) for parental rights of (namcfs))—ttttt to be terminated for Hie reasons below. The court has considered all relevant factors and finds as follows:
(a) Regarding any suitable permanent custody arrangement with a relative of the childfren V the court finds.⅛
(b) Regarding the ability and disposition of the parent or parents to provide the childfren) with food, clothing, medical care, or oilier remedial care recognized and permitted under state law instead of medical care, and other material needs of the childfren). the court finds
(c) Regarding the capacity of the parent or parents to care for the childfren) to the extent that the childfrenVs safety, well-being, and physical, mental, and emotional health will not be endangered upon the childfrenVs return home, the court finds.A
(d) Regarding the present mental and physical health needs of the childfren) and such future needs of the childfren) to the extent that such future needs can be ascertained based on the present condition of the childfren). the court finds.A
(e) Regarding the love, affection, and other emotional ties existing between the childfren) and the childfrenVs parent or parents, siblings, and other relatives, and the degree of harm to the childfren) that would arise from the termination of parental rights and duties, the court finds.⅛
(f)Regarding the likelihood of an older child remaining in long-tenn foster care upon termination of parental rights, due to emotional or behavioral problems or any special needs of the childfren). the com! finds..
*819 (g)Regarding the chikKrenVs ability to form a significant relationship with a parental substitute and the likelihood that the child (rent will enter into a more stable and permanent family relationship as a result of permanent termination of parental rights and duties, the court finds.
(h) Regarding the length of time (hat the child fren) has lived in a stable, satisfactory environment and the desirability of maintaining continuity, the court finds..
(i) Regarding the depth of the relationship existing between the child (renl and present custodian, the court finds.t
(j) Regarding the reasonable preferences and wishes of the children), if the court deems the children) to be of sufficient intelligence, understanding, and experience to express a preference, the court finds.a
(k) Regarding the recommendations for the ehildlfen) provided by the childtren Vs guardian ad litem or the legal representative, the court finds.a
(l) Regarding other relevant factors including., the court finds.a
COMMENT: Add items 7, 8, and 9 as applicable,
7. Under section 39.811 (6)(-..-), Florida Statutes, the court tenninates the parental rights of only.r^-(pareht whose righis are being terminated)-rrrTT..... as to the minor children),.rr^(child(ren)’s name(s))^T7.Specifically, the-court finds that.TTrrAspecific findings of fact under section 39.811(6), Florida Statutes).—
8. Under sections 39.509(5) and 39.81 l(7)(a), Florida Statutes, the court finds that continued grandparental visitation is not in the best interests of the children) or that such visitation would interfere with the permanency goals for the child(rcn) for the following reasons
9.Under section 39.811(7)(b), Florida Statutes, the court finds that although parental rights are being terminated, the best interests of.Trinantes of children) to which this provision applies)-^.support continued communication or contact by.Tr^r-(names of parents, siblings, or relatives of the parent whose rights are terminated and to which this provision applies>T7rrr.except as provided above. The nature and frequency of the communication or contact shall be as follows..It may be reviewed on motion of any party or an identified prospective adoptive parent.
THEREFORE, after weighing the credibility of the witnesses, weighing all statutory factors, and based on the findings of fact and conclusions of law above, the court hereby ORDERS AND ADJUDGES THAT:
1. Hie petition filed by.^rrr-(name)-r7TTT.is granted as to the parent(s), .7TTTr-(name(s)).—
*820 2. The parental rights of the father, rr^namc)-^ , and of the mother, .T77T7-(n;une)-7rr7T.. to the child,.Trr7r-(name)-rrrrr,...., are hereby terminated under section 39.806(-..-), Florida Statutes.
COMMENT: Repeat the above for each child and parent, as necessary.
3. Under sections 39.811(2) and (5), Florida Statutes, the children), .TTrrr-(name(s))-^T., are placed in the custody of.TT^-(agency)-rrrrr.for the purpose of subsequent adoption.
4. The 30-day permanency plan required by section 39.811 (8), Florida Statutes, shall be filed and heard at T77TT-(time)-rrrrr..... on Tíldate >rnrr in TTr^location).
DONE AND ORDERED on.^-(date)-^....., in.-^-(city and county)-^., Florida.
Circuit Judge
NOTICE
Under section 39.815, Florida Statutes, any child, any parent, guardian ad litem, or legal custodian of any child, any other party to the proceeding who is affected by an order of the court, or the department may appeal to the appropriate District Court of Appeal within the time and in the manner prescribed by the Florida Rules of Appellate Procedure, which is 30 days from the date tills order is rendered (signed and filed"). A parent may have the right to a court-apnointed attorney as provided by law.
Under Florida Rule of Juvenile Procedure 8.530. a parent, who had an attorney in the termination of parental rights proceeding, shall have 20 days after this order termmating parental rights is entered to file a motion in the trial court claiming ineffective assistance of counsel. A parent does not have the right to a court-appointed attorney to assist the parent with a motion claiming ineffective assistance of counsel, but the parent may independently obtain an attorney to represent the parent hi the motion. The motion must contain the case name, case number, and identify the date the written order terminating parental rights was entered. The motion must also contain the current mailing address and e-mail address, if any, and the phone numherisl of the parent filing the motion for the purpose of receiving notices and orders. In the motion, the parent must identify specific acts or omissions in the attorney’s representation of the parent during the termination proceedings that the parent claims constituted a failure to provide reasonable, professional assistance, and the parent must explain how the errors or omissions prejudiced the parent’s case to such an extent that but for counsel’s deficient performance the rights of the parent would not have been terminated.
Copies to: —
*821 FORM 8.9831. MOTION CLAIMING INEFFECTIVE ASSISTANCE OF COUNSEL AFTER ORDER TERMINATING PARENTAL RIGHTS
MOTION CLAIMING INEFFECTIVE ASSISTANCE OF COUNSEL AFTER ORDER TERMINATING PARENTAL RIGHTS
Moving parent.(name').(address).(e-mail address').(phono number).requests this court to vacate the order terminating parental rights pursuant to Florida Rule of Juvenile Procedure 8.530.
L_I was the parent of.(namels) of childfren)).at the time the court entered an order terminating mv parental rights on.(date).in.Cease number and case name).
2. Mv attorney failed to provide me with reasonable, professional assistance bv doing or not doing the following actions during the termination of parental rights proceedings: tuse whatever space is necessary to explain your claims)
[[Image here]]
Comment: The phrase “termination of parental rights proceedings” is not limited to the termination of parental rights trial.
3, Mv attorney’s actions or inactions prejudiced mv case to such aii extent that mv parental rights would not have been terminated because: tuse whatever space is necessary to explain your claims)
[[Image here]]
WHEREFORE. I request that the court enter an order granting this motion, vacating the order terminating parental rights, and providing any other relief the court deems proper.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this verified motion and that punishment for knowingly malcing a false statement includes fines and/or imprisonment.
*822 (Your signature!
I certify that a copy of this document was (mailed, faxed and mailed, hand delivered. or e-mailed"!.to tire uerson(s') listed below on.(date'l.or was not delivered to the nerson(s~> listed below because.
List each party or the party’s attorney who you served:
Name:.
Address:.
Telephone Number:.
Fax Number:.
E-mail Address:.
(Your signature-)
*823 FORM 8.9832. ORDER ON MOTION CLAIMING INEFFECTIVE ASSISTANCE OF COUNSEL AFTER ORDER TERMINATING PARENTAL RIGHTS
ORDER ON MOTION CLAIMING INEFFECTIVE ASSISTANCE OF COUNSEL AFTER ORDER TERMINATING PARENTAL RIGHTS
THIS CAUSE came before this court on.(date).on the Motion Claiming Ineffective Assistance of Counsel after Order Terminating Parental Rights filed bv.(name).Present before the court were:
.(Name).Moving Parent
.(Name).Attorney for Moving Parent
.(Name).Trial Attorney for Moving Parent
.(Name).Attorney for the department
.(Name).Department caseworker
.(Name!.Child
.(Name).Attorney for Child
.(Name).Mother
.(Name).Attorney for mother
.(Name).Father of.(child).
.(Name).Attorney for father
.(Name).Guardian ad litem
.(Name).Attorney for guardian ad litem
.('Name').Legal custodian
.(Name).Attorney for legal custodian
.(Ñame).Other.
Comment: Complete the following section if the court denies the motion without a hearing.
The court has carefully considered the motion and reviewed all necessary documents. The court finds that the motion should be denied without a hearing because:
The motion is untimely.
1. The order terminating parental rights was entered on.(date).
2. The moving parent filed the motion claiming ineffective assistance of counsel on .fdatet.
3. Therefore, the moving parent filed the motion past the 20-dav time limitation.
The motion is insufficient as alleged. The court finds that the moving parent failed to allege specific facts that, if taken as true, would support a finding that the attorney during the termination of parental rights proceedings failed to provide reasonable, professional *824 assistance, and that any errors or omissions prejudiced the parent’s case to such an extent that but for counsel’s deficient performance the rights of the parent would not have been terminated. Specifically the court finds:.('findings').
Comment: Complete the following section if the court finds that the motion is insufficient and directs the moving parent to file an amended motion.
The court has carefully considered the motion and reviewed all necessary documents.
The motion is insufficient as alleged. The court finds that the moving parent failed to allege specific facts that would support a finding that the attorney during the termination of parental rights proceedings failed to provide reasonable, professional assistance, and that any errors or omissions prejudiced the parent’s case to such an extent that but for counsel’s deficient performance the rights of the parent would not have been terminated. Specifically the court finds:.('findings').However, the court finds that the moving parent should he provided the opportunity to file an amended motion.
Comment: Complete the following section if the court previously found that the motion was insufficient, directed the moving parent to file an amended motion, and the parent failed to file an amended motion within the time permitted.
The court previously carefully considered the motion and reviewed all necessary documents.
On.(date').. the court found the motion is insufficient as alleged. The court found that the moving parent failed to allege specific facts that would support a finding that the attorney during the termination of parental rights proceedings failed to provide reasonable, professional assistance, and that any errors or omissions prejudiced the parent’s case to such an extent that but for counsel’s deficient performance the rights of the parent would not have been terminated. Specifically the court found:.(findings!.
On.fdatel.the court entered a written order providing the parent an opportunity to file an amended motion. The parent did not file an amended motion within 10 days of the date of the written order permitting amendment.
Comment: Complete the following section if the court hearing was conducted:
The court has carefully considered the motion, reviewed all necessary documents, and having heard argument of counsel and testimony, the court finds:
'Hie motion is granted because the attorney during the termination of parental rights proceedings failed to provide reasonable, professional assistance, and the errors or omissions prejudiced the parent’s case to such an extent that but for counsel’s deficient performance the rights of the parent would not have been terminated. Specifically the court finds:.(findings'!.
*825 The motion is denied because the attorney during the termination of parental rights proceedings did, not fail to provide reasonable, professional assistance, or any errors or omissions tliat were made did not prejudice the moving parent’s case to such an extent that but for counsel’s deficient performance the rights of the parent would not have been terminated. Specifically, the court finds:.('findings').
THEREFORE, the court hereby ORDERS AND ADJUDGES THAT:
The motion claiming ineffective assistance of counsel is denied with prejudice.
The motion claiming ineffective assistance of counsel is insufficient as alleged. The moving parent may file an amended motion. Any amended motion shall be filed within 10 days of the date of this order or the court may summarily deny the motion.
The motion claiming ineffective assistance of counsel is granted. The order terminating parental rights entered on.(’date).is hereby vacated and set aside as to.(name of moving parent!.An adjudicatory hearing is hereby scheduled for.(date (no later than 45 days from this order)).and, as die court finds the parent is indigent. ..../name of counsel! is hereby appointed to represent (name of moving parent) in the termination of parental rights proceedings.
DONE AND ORDERED on (date).in (city and county).Florida.
Circuit Judge
Copies to:
*826 FORM 8.984. JUDGMENT QF-VGLUNTARY TERMINATION OFORDER TERMINATING PARENTAL RIGHTS (VOLUNTARY!
AD.TUDICATQErYQRDER-AN-B-F-lN-AjMíUB6MENTOF-TE-RMÍ.N-AT-tON-QFORDER TERMINATING PARENTAL RIGHTS AND GUARD IANS-HIRCVOLUNTARYl
THIS CAUSE came before this court on.Trrn-(all dates of the adjudicatory hearing) —.for an adjudicatory hearing on the petition for termination of parental rights filed by T777T-(name) — Present before the court were:
, Petitioner -(Name)-rr^r..
, Attorney for the petitioner r-(Name)-r77Tr..
, Attorney for the department r(N amej-TTTTT..
, Department/agency caseworker r-(Name)-^rrr..
, Child r-(Name)-77777-..
, Attorney/Attorney ad litem for Child -(Name)-TTTTT..
, Mother r-(Name)-rrrrT..
, Attorney for mother r-(Name)-iTTVT..
, Father Of.Trrr^(chi1d)-7TTrr.. r-(Name)-TTT7r..
, Attorney for father r(Name)-rrrrr.,
, Guardian ad litem r(Name)-7TTTT..
, Attorney for guardian ad litem r-(Name)-rr^r..
, Legal custodian r(Name)-rrrrr..
, Attorney for legal custodian r(Name)-rTTTT..
, Other:. -(Name)^rrrr..
— The mother, -^-(nameUnTr , executed a voluntary surrender of her parental rights for the minor children),.T^TT-ínamels))-^^.which is accepted by the court without objection.
COMMENT: Repeat the following as necessary.
—..... The father,.^^-(namej-Trrn-., executed a voluntary surrender of his parental rights for the minor children),.TTr7r-(name(s))-7T7Tr..which is accepted by the court without objection.
The court has carefully considered the testimony of witnesses, reviewed the exhibits, reviewed the file, heard argument of counsel, and considered recommendations and arguments of all parties. The court finds by clear and convincing evidence that the parents,.-rmr (names)-rTTrr...... have surrendered their parental rights to the minor children) under section 39.806(l)(a), Florida Statutes, and that termination of parental rights is in the manifest best interests of the children). The specific facts and findings supporting this decision are as follows:
1. That the mother, 7T77r-(nauie)-TT7Tr.. served with the summons and the petition. r was , p was not personally
*827 COMMENT: Service is not required if surrender was signed before filing of petition.
2. That the father, ...„77rrr-{name}-rmT.......m? was ...,.mrr was not personally served with the summons and the petition.
COMMENT: Service is not required if surrender was signed before filing of petition.
3. 'Illat the parents were advised of their right to counsel in all prior dependency court proceedings which they attended, The mother has been represented by legal counsel, .ttttt—(nume)r7T77....., starting on or about rrrn-fdate).— The father has been represented by legal counsel, ^-(niunepTr^ , starting on or about Trocíate).^
4. Hie mother,.TT7TT-(name)-rrrrr..freely, knowingly, voluntarily, and.. wdtli .without advice of legal counsel executed an affidavit and acknowledgment of surrender, consent, and waiver of notice on.rr7rr-(date)-rr^r..for termination of her parental rights to the minor child(ren), under section 39.806(l)(a), Florida Statutes, ■
5. Hie father,.rnrrr-iname)-^., freely, knowingly, voluntarily, and.ttht with .— without advice of legal counsel executed an affidavit and acknowledgment of surrender, consent, and waiver of notice on.ir^date}-^....., for termination of his parental rights to the minor children), under section 39.806(l)(a), Florida Statutes.
6. That at all times relevant to this action the interests of this/these child(ren) has/have been represented by a guardian ad litem. The guardian ad litem,.Tri^-friarne)-^., .ttttt agrees.^ does not agree that it is in the best interests of the children) for parental rights to be tenninated in this cause.
COMMENT: Guardian ad litem not required in voluntary surrender.
7. Under the provisions of sections 39.810(l)-(] 1), Florida Statutes, it is in the manifest best interests of the children) for parental rights to be tenninated for the following reasons:
(a) Regarding any suitable permanency custody arrangement with a relative of the childfreri). the court finds...
(b) Regarding the ability and disposition of the parent or parents to provide the childfreri) with food, clothing, medical care or other remedial care recognized and permitted under state law instead of medical care, and other materials needs of the childfreri). the court finds.
(c)Regarding the capacity of the parent or parents to care for the childfreri) to the extent that the childfrenVs safety, well-being, and physical, mental, and emotional health will not be endangered upon the childfrenVs return home, the court finds..
*828 (d) Regarding the present mental and physical health needs of the childfren') and such future needs of the childfren') to the extent that such future needs can be ascertained based on the present condition of the childfren'). the court finds.⅛
(e) Regarding the love, affection, and other emotional ties existing between tbe childfren) and the childfrenVs parent or parents, siblings, and other relatives, and the degree of harm to the childfren) that would arise from the termination of parental rights and duties, the court finds.
(f) Regarding the likelihood of an older child remaining in long-term foster care upon termination of parental rights, due to emotional or behavioral problems or any special needs of the childfren). the court finds.4
(g) Regarding the childfrenVs ability to form a significant relationship with a parental substitute and the likelihood that the childfren) will enter into a more stable and permanent family relationship as a result of permanent termination of parental rights and duties, the court finds.
(h) Regarding the length of time that the childfren) has Lived in a stable, satisfactory environment and the desirability of maintaining continuity, the court finds.t
(i) Regarding the depth of the relationship existing between the childfren) and present custodian, the court finds.V
(j) Regarding the reasonable preferences and wishes of the childfren). if the court deems the childfren) to be of sufficient intelligence, understanding, and experience to express a preference, the court finds.4
(k) Regarding the recommendations for the childfren) provided by the childfrenVs- guardian ad litem or the legal representative, the court finds.4
(/) Regarding other relevant factors including., the court finds.t
THEREFORE, it is ORDERED AND ADJUDGED that:
1. Tire petition for termination of parental rights is GRANTED.
2. The parental rights of the father,.rrrr^(name)-r^vr., and of the mother, .7rrr-(iiame)-rrrrr , to the childfren). TTTTr-fnamefs)Wttt , are hereby terminated under - section 39.806(-.-), Florida Statutes.
COMMENT: Repeat the above for each child and parent on petition.
3. lire child(ren), —-(name(s))-Tmr...... is/are hereby placed in the permanent care and custody of.Trr^-fagency name}rrTw.for subsequent adoption.
*829 4. A heating for the department to provide a plan for permanency for the children) shall be held on.Trrrr-(date)-rT7T..within 30 days of rendering of order, at.Trrn~(time).m
DONE AND ORDERED on .....Tnrr-(date)-^., in.County, Florida.
Circuit Judge
Copies furnished to:=
NOTICE
Under section 39.815, Florida Statutes, any child, any parent, guardian ad litem, or legal custodian of any child, any other party to the proceeding who is affected by an order of the court, or the department may appeal to the appropriate District Court of Appeal within the time and in the manner prescribed by the Florida Rides of Appellate Procedure, which is 30 days from the date this order is rendered (signed and filed!. A parent may have the right to a court-annointed attorney as provided by law.
Under Florida Rule of Juvenile Procedure 8.530. a parent, who had an attorney in the termination of parental rights proceeding, shall have 20 days after this order terminating parental rights is entered to file a motion in the trial court claiming ineffective assistance of counsel. A parent does not have the right to a court-annointed attorney to assist the parent with a motion claiming ineffective assistance of counsel, hut the parent may independently obtain an attorney to represent the parent in the motion. The motion must contain the case name, case number, and identify the date the written order terminating parental rights was entered. The motion must also contain the current mailing address and e-mail address, if any, and the phone numberfs) of the parent filing the motion for the purpose of receiving notices and orders. In the motion, the parent must identify specific acts or omissions in the attorney’s representation of the parent during the termination proceedings that the parent claims constituted a failure to provide reasonable, professional assistance, and the parent must explain how the errors or omissions prejudiced the parent's case to such an extent that hut for counsel’s deficient performance the rights of the parent would not have been terminated.
RULE 9.146. APPEAL PROCEEDINGS IN JUVENILE DEPENDENCY AND TERMINATION OF PARENTAL RIGHTS CASES AND CASES INVOLVING FAMILIES AND CHILDREN IN NEED OF SERVICES
(a)—(b) [no change]
(c) Stay of Proceedings.
(1) Application. Except as provided by general law and in subdivision (c)(2) of this rule, a party seeking to stay a final or non-finalnonfinal order pending review shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify, or deny such relief, after considering the welfare and best interest of the child.
(2) Termination of Parental Rights. The taking of an appeal shall not operate as a stay in any ease unless pursuant to an order of the court or the lower tribunal, except that a termination of parental rights order with placement of the child with a licensed child-placing agency or the Department of Children and Families for subsequent adoption shall be suspended while the appeal is pending, but the child shall continue in custody under the order until the appeal is decided.
*830 (d)-(h) [no change]
(i) Ineffective Assistance of Counsel for Parents Claims—Special Procedures and Time Limitations Applicable to Appeals of Orders in Termination of Parental Rights Proceedings Involving Ineffective Assistance of Counsel Claims.
(1) Applicability. Subdivision (i) applies only to appeals to the district courts of appeal of orders in termination of parental rights proceedings involving a parent’s claims of ineffective assistance of counsel.
(2) Rendition. A motion claiming ineffective assistance of counsel filed in accordance with Florida Rule of Juvenile Procedure 8.530 shall toll rendition of the order terminating parental rights under Florida Rule of Appellate Procedure 9.020 until the lower tribunal files a signed written order on the motion, except as provided by Florida Buies of Juvenile Procedure 8.530.
(3) Scope of Review. Any appeal from an order denying a motion alleging the ineffective assistance of counsel must be raised and addressed within an appeal from the order terminating parental rights.
(4) Ineffective Assistance of Counsel Motion Filed After Commencement of Appeal. If an appeal is pending, a parent may file a motion claiming ineffective assistance of counsel pursuant to Florida Rule of Juvenile Procedure 8.530 if the filing occurs within 20 days of rendition of the order terminating parental rights.
(A)Stay of Appellate Proceeding. A parent or counsel appointed pursuant to Florida Rule of Juvenile Procedure 8.530 shall file a notice of a timely-filed, pending motion claiming ineffective assistance of counsel. The notice automatically stays the appeal until the lower tribunal renders an order disposing of the motion.
(B) Supplemental Record; Transcripts of Proceedings. The appellant shall file a second designation to the court reporter, including the name(s) of the individual court reporter(s). The appellant shall serve the designation on the court reporter on the date of filing and shall state that the appeal is from an order of termination of parental rights, and that the court reporter shall provide the transcript of the hearing on the motion claiming ineffective assistance of counsel within 20 days of the date of service. Within 20 days of the date of service of the designation, the court reporter shall transcribe and file with the clerk of the lower tribunal the transcript and sufficient copies for all parties exempt from service by e-mail as set forth in the Florida Rules of Judicial Administration. If extraordinary reasons prevent the reporter from preparing the transcript within the 20 days, the reporter shall request an extension of time, state the number of additional days requested, and state the extraordinary reasons that would justify the extension.
(C) Duties of the Clerk, Preparation and Transmittal of Supplemental Record. If the clerk of circuit court has already transmitted the record on appeal of the order terminating parental rights, the clerk shall automatically supplement the record on appeal with any motion pursuant to Florida Rule of Juvenile Procedure 8.530, the resulting order, and the transcript from the hearing on the motion. The clerk shall electronically transmit the supplement to the court and serve the parties within 5 days of the filing of the order ruling on the motion, or within 5 days of filing of the transcript from the hearing on the motion by the designated court reporter, whichever is later.
*831 Committee Notes
[no change]

. There are legitimate arguments in support of both the broader rule and narrower rule. Both viewpoints merit thorough briefing and consideration in the form of a case or controversy rather than through a nonadversarial rules proceeding.

. The full impact of adopting the broader view of these rules is largely unknown. Even . the Select Committee admits that key data regarding TPR proceedings—the percentage of parents with court-appointed counsel and the number of cases appealed—is purely anecdotal.

. In the joint report entitled "Performance Study: Dependency and Termination of Parental Rights Appeal,” the DCAP & A and TCPA & A looked into reasons that the appellate courts were not meeting the overall goal of 165 days from Notice of Appeal to Disposition, pointing out that delay in document receipt, which includes receipt of the record and the briefs of parties, was a consistent problem across all districts. My new concern is whether the insertion of an additional issue on appeal, regarding ineffective assistance of counsel, will cause further delay. As the Report states, and all agree, "each reduction in time on appeal is a direct benefit to the child in the time to permanency.”